**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MONICA DUKU | : | |
| | : | |
| vs | : | Civil Action No. 02-3809 |
| | : | |
| EDWARD OSTROM, Executor of the Estate of JAMES CROSSMORE | : | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**
**WITH AFFIRMATIVE DEFENSES**

AND NOW comes the defendant, Edward Ostrom, Executor of the Estate of James Crossmore, by and through their attorneys, Goldberg & Miller, P.C. and replies to Plaintiff's Complaint, as follows:

1. Denied. Answering defendant, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the plaintiff's Complaint and strict proof thereof is demanded at trial, if material.

2. Denied. Answering Defendant works at address stated in the caption of plaintiff's complaint.

3. Denied. Answering defendant is advised by counsel and, therefore, avers that the allegations contained in the corresponding paragraph of the plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required. Strict proof thereof is demanded at trial, if material.

4. Denied. Answering defendant, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny the allegations contained in the corresponding paragraph of the plaintiff's Complaint and strict proof thereof is demanded at trial, if material.

5. Denied. Answering Defendant is advised by counsel and, therefore, avers that

the allegations contained in the corresponding paragraph of the plaintiff's complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required. Strict proof thereof is demanded at trial, if material. For further answer, answering defendant, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny the remaining allegations contained in the corresponding paragraphs of the plaintiff's complaint and strict proof thereof is demanded at trial, if material.

      6.    Denied. Answering Defendant is advised by counsel and, therefore, avers that the allegations contained in the corresponding paragraph of the plaintiff's complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required. Strict proof thereof is demanded at trial, if material. For further answer, answering defendant, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny the remaining allegations contained in the corresponding paragraphs of the plaintiff's complaint and strict proof thereof is demanded at trial, if material.

      7.    Denied. Answering defendant is advised by counsel and, therefore, avers that the allegations contained in the corresponding paragraph of the plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required. Strict proof thereof is demanded at trial, if material. To the extent, however, that a responsive pleading is required, answering defendant denies being negligent, careless, reckless and/or guilty of willful conduct as alleged at any time material or relevant to the instant cause of action and further:

    a.    denies operating said vehicle at a high and excessive rete of speed under the circumstances;

    b.    denies failing to give proper and sufficient warning of the approach of said vehicle;

    c.    denies failing to have said vehicle under proper and adequate control at the time;

    d.    denies operating said motor vehicle without due regard for the rights, safety and position of the plaintiff herein at the point aforesaid;

    e.    denies failing to sound his horn or other signaling devices as to give warning to

    the plaintiff;

 f. denies violating the rules and regulations of the road, local ordinances and statutes of the Commonwealth of Pennsylvania;

 g. denies operating said vehicle without observing and heeding the road and traffic conditions then and there existing;

 h. denies other acts of negligence which may be ascertained during the course of discovery and/or trial of this matter;

 i. denies being otherwise negligent, careless, reckless and wanton

8. Denied. Answering defendant is advised by counsel and, therefore, avers that the allegations contained in the corresponding paragraph of the plaintiff's Complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required. Strict proof thereof is demanded at trial, if material.

9. Denied. Answering Defendant is advised by counsel and, therefore, avers that the allegations contained in the corresponding paragraph of the plaintiff's complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required. Strict proof thereof is demanded at trial, if material. For further answer, answering defendant, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny the remaining allegations contained in the corresponding paragraphs of the plaintiff's complaint and strict proof thereof is demanded at trial, if material.

10. Denied. Answering Defendant is advised by counsel and, therefore, avers that the allegations contained in the corresponding paragraph of the plaintiff's complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required. Strict proof thereof is demanded at trial, if material. For further answer, answering defendant, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny the remaining allegations contained in the corresponding paragraphs of the plaintiff's complaint and strict proof thereof is demanded at trial, if material.

11. Denied. Answering Defendant is advised by counsel and, therefore, avers that

the allegations contained in the corresponding paragraph of the plaintiff's complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required. Strict proof thereof is demanded at trial, if material. For further answer, answering defendant, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny the remaining allegations contained in the corresponding paragraphs of the plaintiff's complaint and strict proof thereof is demanded at trial, if material.

12. Denied. Answering Defendant is advised by counsel and, therefore, avers that the allegations contained in the corresponding paragraph of the plaintiff's complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required. Strict proof thereof is demanded at trial, if material. For further answer, answering defendant, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny the remaining allegations contained in the corresponding paragraphs of the plaintiff's complaint and strict proof thereof is demanded at trial, if material.

13. Denied. Answering Defendant is advised by counsel and, therefore, avers that the allegations contained in the corresponding paragraph of the plaintiff's complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required. Strict proof thereof is demanded at trial, if material. For further answer, answering defendant, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny the remaining allegations contained in the corresponding paragraphs of the plaintiff's complaint and strict proof thereof is demanded at trial, if material.

14. Denied. Answering Defendant is advised by counsel and, therefore, avers that the allegations contained in the corresponding paragraph of the plaintiff's complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required. Strict proof thereof is demanded at trial, if material. For further answer, answering defendant, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny the remaining allegations contained in the corresponding paragraphs of the plaintiff's complaint and strict proof thereof is demanded at trial, if material.

15. Denied. Answering Defendant is advised by counsel and, therefore, avers that

the allegations contained in the corresponding paragraph of the plaintiff's complaint are automatically deemed denied as conclusions of law to which no responsive pleading is required. Strict proof thereof is demanded at trial, if material. For further answer, answering defendant, after reasonable investigation, presently lacks sufficient knowledge and/or information to admit or deny the remaining allegations contained in the corresponding paragraphs of the plaintiff's complaint and strict proof thereof is demanded at trial, if material.

Wherefore, answering defendants demand that the plaintiff's complaint be dismissed with prejudice and that judgment be entered in favor of answering defendant and for such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The United States District Court for the Eastern District of Pennsylvania does not have proper subject matter jurisdiction over this claim.

### SECOND DEFENSE

Venue in this matter is improperly within the Eastern District of Pennsylvania.

### THIRD DEFENSE

Jurisdiction in this matter is improper in that the plaintiff's Complaint - Civil Action fails to allege damages in excess of the jurisdictional limits set forth under the Federal Rules of Civil Procedure.

### FORTH DEFENSE

The plaintiff's claims are barred by the applicable Statute of Limitations.

### FIFTH DEFENSE

The plaintiff's were comparatively negligent and the negligence of the plaintiffs exceeded the negligence of the defendant as alleged.

### SIXTH DEFENSE

The plaintiff's claims are barred by the applicable laws governing the operation of motor vehicles within the State of Pennsylvania as well as the Pennsylvania Motor Vehicle Financial Responsibility Act.

### SEVENTH DEFENSE

The plaintiff's claims are products, services, accommodations and professional medical treatment are not recoverable from the defendant under the Pennsylvania Financial Responsibility Act.

### EIGHT DEFENSE

If the plaintiff's have sustained the injuries and damages alleged, those injuries and damages are the direct, proximate and legal result of the actions of persons and/or entities other than the defendant herein, Edward Ostrom, Executor of the Estate of James Crossmore.

### NINTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted pursuant to Federal R.C.P. 12(b)(6).

### TENTH DEFENSE

The plaintiff's alleged injuries do not qualify as compensable damages due to the application of the limited tort threshold.

### ELEVENTH DEFENSE

The plaintiff's claims are barred by the Pennsylvania Dead Mans Statute.

WHEREFORE, the defendant demands that the plaintiffs' Complaint - Civil Action be dismissed with prejudice and for other relief as this Honorable Court deems appropriate.

Respectfully Submitted:

_____ CY GOLDBERG, ESQUIRE
I.D. 35369
Attorney for Defendant,
121 S. Broad Street
15th Floor

Philadelphia, PA 19107
215-735-3994